Melissa J. Fox, CBN 170105
THE FOX FIRM
12452 Culver Drive, A248
Irvine, California 92604
Telephone:  (949) 683-8855
Facsimile:  (714) 389-4974
Email: melissa@melissafoxlaw.com

Attorneys for Plaintiff, PEDEGO, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF THE STATE OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| PEDEGO, INC., <br><br> Plaintiff <br><br> vs. <br><br> JOSEPH ALCARAZ, DONALD COFFMAN, JSA INVESTMENT GROUP, INC., and DOES 1-100, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR DAMAGES** |

Plaintiff PEDEGO, INC. ("Pedego" or "Plaintiff") states the following for its Complaint against JOSEPH ALCARAZ ("Alcaraz"), DONALD COFFMAN ("Coffman), JSA INVESTMENT GROUP, INC. ("JSA") and DOES 1-100 (collectively "Defendants"):

NATURE OF THE ACTION

1. Pedego brings this action in law and equity for trademark infringement and false designation of origin under the Lanham Act (15 U.S.C. § 1051, et seq.), for dilution under the Federal Trademark Dilution Act (15 U.S.C. § 1125(c)), for violations of the Anticybersquatting Consumer Protection Act (15 U.S.C. § 1115(d)), and for unfair competition under state and common law.  As set forth

1

below, through their use of the Internet domain names "pedegoamerica.com, "pedegoboston.com," "pedegochicago.com," "pedegohawaii.com," "pedegohawaii.biz," "pedegohawaii.net," pedegohawaii.org," "hawaiipedego.com," pedegokauai.com," "pedegohonolulu.com," "pedegomiami.com," "pedegoseattle.com," pedegonorthshore.com," and "pedegodistribution.com," Defendants have willfully infringed Plaintiff's trademark, acted as a cybersquatter by intending to profit from the goodwill associated with the mark, and unfairly competed with Plaintiff.  These activities will continue unless Defendants are enjoined by this Court.

PARTIES

2.  Plaintiff is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Irvine, California.

3.  Plaintiff is informed and believes that the Defendants are individuals and at least one corporate entity that reside or have their principle place of business in Orange County, California, and have acted jointly and in concert to commit the acts complained of herein.

4.  The Doe Defendants true names and capacities are presently unknown to Plaintiff, but each of the fictitiously named Defendants is responsible in some manner for the acts and occurrences alleged in this Complaint and each of the fictitiously named Defendants proximately caused the damages alleged herein.

5.  The Defendants and each of them are responsible for the acts and omissions of the others and are parties acting in active concert and participation with each other, and have each aided, abetted, facilitated, and participated in the acts giving rise to the claims herein.

JURISDICTION AND VENUE

6.  The Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331, 1338.  The Court has supplemental jurisdiction over state law and common law

claims that are joined with federal trademark infringement and unfair competition claims under 28 U.S.C. § 1367(a).

7. The Court has personal jurisdiction over the Defendants because Defendants are domiciled or have their principal place of business within this district, have engaged in tortious acts or omissions within this district, and have otherwise made or established contacts within this district sufficient to permit the exercise of personal jurisdiction.

FACTUAL BACKGROUND

Pedego, Inc. and Its Trademark Rights

8. The founders and owners of Pedego are Don DiCostanzo and Terrell Sherry, two long-time business partners and lifelong friends. Both men were electric bicycle enthusiasts who were disappointed in the poor quality and boring styling of the electric bicycles that were on the market. DiCostanzo and Sherry wanted to create high-quality, unique and contemporary styled electric bicycles that would excel in performance and be fun to ride. On November 12, 2008, DiCostanzo and Sherry formed Pedego LLC. In December 2008, DiCostanzo and Sherry opened Pedego on Daimler Street in Irvine, California. In April 2009, Pedego moved to a second location on Peters Canyon Road in Irvine and also began shipping its electric bicycles to other sellers. In July 2011, the first Pedego-branded store opened outside of California. As of today, there are more than 50 Pedego-branded stores, and Pedego electric bikes are sold worldwide.

9. On December 27, 2013, Pedego, Inc., was formed and acquired all of the assets of Pedego LLC.

10. Pedego has successfully established the Pedego trademark to mean the most stylish, efficient and functional electric bikes on the market.

11. Plaintiff possesses all rights, title and interest in and to the common law Pedego trademark based on the continuous use of the mark in the U.S. and worldwide commerce by Plaintiff, its predecessors and licensees, since 2008 in

3

connection with its products and services.

12. Plaintiff's use of the Pedego trademark has continued uninterrupted since 2008 and Plaintiff has never abandoned its use of the Pedego trademark for its products and services.

13. The Pedego trademark is distinctive and famous in that it is widely recognized by the general consuming public of the United States as a designation of source of the goods and services of Pedego, Inc.

14. Plaintiff maintains a website located at www.pedegoelectricbikes.com on the Internet on which it uses the Pedego trademark.  The Pedego trademark is widely recognized both by the public and trade, and has built up extensive goodwill.

15. The Pedego trademark is inherently distinctive to both the public and trade in connection with licensed products and services. The Plaintiff's Pedego trademark serves primarily as a designator of origin of products originating from or sponsored or licensed by Plaintiff.

16. As a result of the widespread use and display of Plaintiff's trademark, both the public and the trade use the Pedego trademark to identify and refer to Plaintiff's products and services.

17. As a result of the widespread use and display of Plaintiff's efforts, the Pedego trademark has built up secondary meaning and extensive goodwill.

<u>Defendants' Infringing Activities and Bad Faith Conduct</u>

18. Plaintiff is informed and believes that Defendants have registered the following domain names and operate the following commerce-related websites: "pedegoamerica.com, "pedegoboston.com," "pedegochicago.com," "pedegohawaii.com," "pedegohawaii.biz," "pedegohawaii.net," pedegohawaii.org," "hawaiipedego.com," pedegokauai.com," "pedegohonolulu.com," "pedegomiami.com," "pedegoseattle.com," pedegonorthshore.com," and "pedegodistribution.com."

4

19. Plaintiff is informed and believes that each of the above-referenced domain names and websites were registered by Defendants with the domain registration company GoDaddy.com.

20. Plaintiff is informed and believes that Defendants have unlawfully used and continue to use the famous trademark "Pedego," including in the names of the above-referenced domains and websites, without the authorization or permission of Pedego and in express disregard of Plaintiff's demand that it cease and desist from using its trademark without authorization or permission.

21. Defendants' aforementioned unlawful acts are intended to, and are likely to, blur and erode the distinctiveness of the Pedego trademark, and tarnish the reputation of Plaintiff's Pedego trademark and its products and services.

22. Defendants' aforementioned unlawful acts have caused and, unless enjoined, will continue to cause, irreparable harm to Plaintiff and its Pedego trademark, and to the business and substantial goodwill represented thereby, and said acts damage will continue to damage Plaintiff unless restrained by this Court.

23. Plaintiff has no adequate remedy at law.

## COUNT ONE

## FEDERAL TRADEMARK AND SERVICE MARK INFRINGEMENT

### (15 U.S.C. §1114)

24. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 23.

25. Defendants' unauthorized use of confusingly similar imitations of Plaintiff's registered mark likely caused and is likely to continue to cause confusion, deception, and mistake by creating the false and misleading impression that their domains and websites, and any associated products and services, are affiliated, connected, or associated with Pedego, or has the sponsorship, endorsement, or approval of Pedego, all in violation of 15 U.S.C. §1114.

26. Defendants' unauthorized use of confusingly similar imitations of Plaintiff's registered mark, notwithstanding their knowledge of Plaintiff's ownership of the mark, and Plaintiff's explicit demand that Defendants cease and desist their unauthorized use of the mark, demonstrate an intentional, willful, and bad faith intent to trade on the goodwill of the Pedego mark and to cause confusion, deception, and mistake in the minds of the public to the great and irreparable injury of Plaintiff.

27. Defendants have acted knowingly and have been unjustly enriched thereby.

28. Because Defendants' conduct caused and is likely to continue to cause substantial injury to the public and to Plaintiff, Plaintiff is entitled to injunctive relief, and to recover Defendants' trebled profits associated with the infringement, Plaintiff's costs, and Plaintiff's reasonable attorneys' fee pursuant to 15 U.S.C. §1117.

## COUNT TWO
### VIOLATIONS OF THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT
### (15 U.S.C. §1125(d))

29. Plaintiff repeats and incorporates by reference each and every allegation of paragraphs 1 through 28.

30. The domain names "pedegoamerica.com, "pedegoboston.com," "pedegochicago.com," "pedegohawaii.com," "pedegohawaii.biz," "pedegohawaii.net," pedegohawaii.org," "hawaiipedego.com," pedegokauai.com," "pedegohonolulu.com," "pedegomiami.com," "pedegoseattle.com," pedegonorthshore.com," and "pedegodistribution.com" are confusingly similar to the famous Pedego mark and the Pedego domain name, pedegoelectricbikes.com.

31. Defendants registered and used the above-listed infringing domain

6

names with the bad faith intent of causing harm to Plaintiff and its brand, and of profiting unlawfully from Plaintiff's mark by creating the false impression of an association with Plaintiff's mark, brand, products and services.

32. Defendants registered the above-listed infringing domain names with the intent to divert customers from Plaintiff and from Plaintiff's online location, for commercial gain or with the intent to tarnish or disparage the Pedego mark and the goodwill represented by the Pedego mark.

33. Defendants' actions constitute cyberpiracy and cybersquatting in violation of 15 U.S.C §1125(d).

34. Defendants' offer to Plaintiff to cease using the above-listed infringing domain names for the price of $118,011 constitutes trafficking in these infringing domain names in violation of 15 U.S.C. §1125(d)(1)(E).

35. Defendants' unauthorized registration and use of the above-listed domain names have caused and, unless enjoined, will continue to cause, irreparable injury to Plaintiff and to the goodwill associated with the Pedego mark and domain name.

36. Because Defendants' infringing conduct has caused and is likely to cause substantial injury to the public and to Plaintiff, Plaintiff is entitled to injunctive relief, and to recover either statutory damages under 15 U.S.C. §1117(d) or Defendants' trebled profits, together with Plaintiff's costs and reasonable attorneys' fee pursuant to 15 U.S.C. §1117(a).

## COUNT THREE
## FEDERAL UNFAIR COMPETITION
### (15 U.S.C. §1125(a))

37. Plaintiff repeats and incorporates by reference each and every allegation of paragraphs 1 through 36.

38. Plaintiff's trademark is entitled to protection under Section 43(a) of the

7

Lanham Act (15 U.S.C. §1125).

39. Defendants' use of confusingly similar imitations of Plaintiff's name and mark to identify Defendants' website and products has caused, and is likely to cause confusion, deception or mistake by creating the false and misleading impression that Defendants' websites and products are affiliated, connected, or associated with Plaintiff, or as to the origin, sponsorship or approval by Plaintiff of Defendants' products and services, in violation of 15 U.S.C. §1125(a).

40. Defendants' actions are intentional, willful, and bad faith attempts to trade on Pedego's goodwill and to cause confusion, deception and mistake by implying a nonexistent affiliation or relationship between Pedego and Defendants' websites, products and services, to the great and irreparable injury of Plaintiff.

41. Because Defendants' unfair competition has caused and is likely to cause substantial injury to the public and to Plaintiff, Plaintiff is entitled injunctive relief, and to recover Defendants' trebled profits, together with Plaintiff's costs and reasonable attorneys' fee pursuant to 15 U.S.C. §1116 and §1117.

## COUNT FOUR

## TRADEMARK DILUTION

## 915 U.S.C. §1125(c)

42. Plaintiff repeats and incorporates by reference each and every allegation of paragraphs 1 through 41.

43. Plaintiff's Pedego trademark is a famous mark and had become famous prior to Defendants' first use of their infringing Internet domain names and marks.

44. Plaintiff's Pedego trademark is inherently distinctive to the public and the trade with respect to goods and services.

45. By such wrongful acts, defendants have, and unless restrained by the Court, will continue to cause serious irreparable injury and damage to Plaintiff and to the goodwill associated with Plaintiff's famous Pedego mark by diluting and

8

blurring its distinctive quality.

46. Defendant's aforementioned acts constitute willful dilution of Plaintiff's Pedego trademark in violation of the Federal Trademark Dilution Act, codified at Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

## COUNT FIVE

### COMMON LAW INFRINEMENT AND UNFAIR COMPETITION

47. Plaintiff repeats and incorporates by reference each and every allegation of paragraphs 1 through 46.

48. Defendants have used confusingly similar imitations of the Pedego mark with full knowledge of Pedego's rights to the mark and with the willful and calculated purpose of harming or trading on Pedego's established goodwill and business reputation, and in a manner calculated to imply false sponsorship of or approval by Pedego for the purpose of misleading and deceiving the public.

49. Defendants have used confusingly similar imitations of Pedego's electronic URL address, with full knowledge of Pedego's rights and with the willful and calculated purpose of harming or trading on Pedego's established goodwill and business reputation, and in a manner calculated to imply false sponsorship of or approval by Pedego for the purpose of misleading and deceiving the public.

50. Defendants' conduct constitutes infringement of Pedego's common law rights to its mark and has damaged and will continue to damage irreparably Plaintiff's goodwill and reputation unless enjoined by this Court.

## COUNT SIX

### CALIFORNIA UNLAWFUL BUSINESS PRACTICES

(California Business & Professions Code §§17200, et. seq.)

51. Plaintiff repeats and incorporates by reference each and every allegation of paragraphs 1 through 49.

9

52. California Business & Professions Code §17200 prohibits acts of "unfair competition," which include any "unlawful" business practices, "unfair" business acts or practices, "fraudulent" business acts or practices, and "unfair, deceptive, untrue or misleading" business acts or practices.

53. Defendants have engaged in "unfair," "unlawful," "fraudulent," and "deceptive, untrue or misleading" business acts or practices by their unlawful use and continuing to use the trademark "Pedego," including in the names of the above-referenced domains and websites, without the authorization or permission of Pedego and in express disregard of Plaintiff's demand that it cease and desist from using its trademark without authorization or permission; by their unauthorized use of confusingly similar imitations of Plaintiff's registered mark, notwithstanding their knowledge of Plaintiff's ownership of the mark, and Plaintiff's explicit demand that Defendants cease and desist their unauthorized use of the mark; by offering to Plaintiff to cease using the above-listed infringing domain names for the price of $118,011; by Defendants' use of confusingly similar imitations of Plaintiff's name and mark to identify Defendants' website and products, causing confusion, deception or mistake by creating the false and misleading impression that Defendants' websites and products are affiliated, connected, or associated with Plaintiff, or as to the origin, sponsorship or approval by Plaintiff of Defendants' products and services; by using confusingly similar imitations of the Pedego mark with full knowledge of Pedego's rights to the mark and with the willful and calculated purpose of harming or trading on Pedego's established goodwill and business reputation, and in a manner calculated to imply false sponsorship of or approval by Pedego for the purpose of misleading and deceiving the public; and by using confusingly similar imitations of Pedego's electronic URL address, with full knowledge of Pedego's rights and with the willful and calculated purpose of harming or trading on Pedego's established goodwill and business reputation, and in a manner calculated to imply false sponsorship of or approval by Pedego for the

10

purpose of misleading and deceiving the public.

54. As a direct and proximate result of Defendants' "unfair" and deceptive practices, Plaintiff suffered and will continue to suffer actual damages.

55. Defendants have been unjustly enriched and should be required to make restitution to Plaintiff pursuant to §17203 of the California Business & Professions Code.

56. Defendants' aforementioned unlawful acts have caused and, unless enjoined, will continue to cause, irreparable harm to Plaintiff and its Pedego trademark, and to the business and substantial goodwill represented thereby, and said acts damage will continue to damage Plaintiff unless enjoined by this Court pursuant to §17203 of the California Business & Professions Code.

PRAYER FOR JUDGMENT

WHEREFORE PEDEGO, INC. prays for judgment against Defendants as follows:

1. For compensatory damages in an amount to be proven at trial;

2. For civil money penalties;

3. For attorneys' fees and costs of suit;

4. For such other and further legal and equitable relief as the Court may deem just and proper.

DATED: November 19, 2014

Respectfully submitted,
THE FOX FIRM

By:__S/*Melissa J. Fox*_____
Melissa J. Fox
Attorneys for Plaintiff, PEDEGO INC.

11

<u>DEMAND FOR JURY TRIAL</u>

Plaintiff, Pedego, Inc. hereby demands a trial by jury.


DATED:  November 19, 2014                Respectfully submitted,
                                         THE FOX FIRM



                              By:__S/*Melissa J. Fox*_____
                              Melissa J. Fox
                              Attorneys for Plaintiff, PEDEGO INC.

12

COMPLAINT FOR DAMAGES